UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLEN A. CAP, et al.,<br><br>Defendant(s). | Case No. 2:09-CV-2420 JCM (PAL)<br><br>ORDER |

Presently before the court is a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) filed by plaintiffs Construction Industry and Laborers Health and Welfare Trust and the trustees of the Construction Industry and Laborers Health and Welfare Trust (hereinafter "plaintiffs"). (Doc. # 28). Defendant Allen A. Cap filed a joinder to plaintiff's motion. (Doc. # 29).

**I.   Background**

Plaintiff Construction Industry and Laborers Health and Welfare Trust (hereinafter "the trust") is an employee welfare benefit plan. (Doc. # 1). Defendant Tafoya was a trust participant, and defendant Cap acted as her attorney. (Doc. # 1). Defendant Tafoya is now deceased. (Doc. # 28).

Tafoya was injured in a car accident while she was a trust participant. (Doc. # 1). The liable third-party was covered by a $15,000 auto policy through Mendokota Insurance. (Doc. # x). Tafoya's auto policy included $3,000 of medical payments coverage and no underinsured motorist benefits. Tafoya's insurer paid $3,000 of her medical bills. However, Tafoya incurred a total of $61,376.54 in medical bills. (Doc. # 29).

On September 6, 2008, Tafoya executed a Reimbursement and Repayment Agreement with the trust in consideration of the trust paying her medical bills. (Doc. # 1). The agreement provided that Tafoya would reimburse the trust upon recovery from a liable third party. (Doc. # 1). Pursuant to the agreement, Tafoya assigned her rights of recovery to the trust and agreed that the trust had a first priority lien on any judgment she obtained. (Doc. # 1).

Plaintiffs brought the instant action alleging that defendants failed and refused to reimburse the trust. (Doc. # 1). Defendants moved to dismiss on the grounds that plaintiffs failed to show that an active case or controversy existed in the case. (Docs. # 5, 10). Plaintiffs responded to both motions, (docs. # 9, 15), and defendants replied, (doc. # 16).

Defendants argued that because they had yet to settle the claims with the third party insurer, they were not in possession of any settlement funds. (Doc. # 10). Accordingly, defendants stated that the case was not yet ripe for adjudication. Plaintiffs also filed a motion for a preliminary injunction. (Doc. # 18). Defendants filed a response, (doc. # 19), and plaintiffs filed a reply, (doc. # 17).

On April 28, 2010, the court held a hearing on the motions. (Doc. # 23). The court found that there was no case or controversy. (Doc. # 27). Accordingly, it granted the motions to dismiss and denied the motion for a preliminary injunction as moot. (Doc. # 25).

Defendant Cap later settled Tafoya's case with the liable third-party's insurer for the maximum policy limit of $15,000. (Doc. # 29-1). Defendant Cap then forwarded the check to plaintiffs' counsel on the grounds that the trust was entitled to more than $15,000. Plaintiffs' counsel then forwarded the check to the trust. (Doc. # 29).

Defendants' counsel then filed a complaint with the State Bar of Nevada against plaintiffs' counsel. (Doc. # 29). Defendants' counsel alleged that plaintiffs' counsel mishandled the funds by forwarding them to the trust rather than disbursing them or filing an interpleader action. (Doc. # 29).

The State Bar of Nevada ultimately dismissed the complaint against plaintiffs' counsel. (Doc. # 29-1). The order of dismissal stated that plaintiffs' counsel agreed to reopen the instant case so the court can rule on the disposition of funds. (Doc. # 29-1).

James C. Mahan
U.S. District Judge

- 2 -

Plaintiffs then filed the instant motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

## II. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

## III. Discussion

Plaintiffs argue that the court should grant the instant motion for relief from the order dismissing the complaint, due to extraordinary circumstances. (Doc. # 28). Defendant Cap filed a joinder to plaintiffs' motion. (Doc. # 29). He states that defendants do not oppose the motion for relief from judgment. Defendants propose that plaintiff file an amended complaint naming all of the parties with an interest in the funds pursuant to Federal Rule of Civil Procedure 19(a)(1). (Doc. # 29).

This court dismissed the instant case over four years ago. (Doc. # 25). At that time, the case did not present a case or controversy. (Doc. # 25). As the parties' filings make clear, subsequent events have now made the case ripe for adjudication. Thus, the facts of the case have now changed.

The parties do not provide grounds, whether under Federal Rule of Civil Procedure 60(b)(6) or otherwise, to reopen the instant case or afford relief from the court's order of dismissal. Plaintiffs should refile their case to resolve any dispute over the settlement funds.

Defendants further request that the court order plaintiffs and their counsel to place the $15,000 at issue in the court's treasury or defendant Cap's trust account, or otherwise ensure distribution. (Doc. # 29). In light of the court's finding that Rule 60(b)(6) relief is not warranted, the court will deny this request.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for relief from judgment, (doc. # 28), be, and the same hereby is, DENIED.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -